UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANDREW CHURCH,

                    Petitioner,                Case No. 1:09-cv-883

v.                                    Honorable Paul L. Maloney

BLAINE LAFLER,

                    Respondent.

_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because the statute of limitations has expired, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

I.         <u>Factual allegations</u>

Petitioner presently is incarcerated at the Carson City Correctional Facility. On March 15, 2002, he pleaded nolo contendere in the Eaton County Circuit Court to three counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(a). He was sentenced to prison terms of ten to twenty years for each count. (Am. Pet. at 1, docket #6.)

Petitioner then filed a *pro se* application for leave to appeal with the Michigan Court of Appeals requesting the appointment of appellate counsel. The Michigan Court of Appeals denied Petitioner's leave to appeal on December 14, 2005. (Am. Pet. at 2.) Petitioner then filed a *pro se* application for leave to appeal to the Michigan Supreme Court, requesting the appointment of appellate counsel. The Michigan Supreme Court denied Petitioner's application for leave to appeal on June 23, 2008. (*Id.* at 2.)

In his habeas application, Petitioner raises the following grounds for habeas corpus relief:

I.        INEFFECTIVE ASSISTANCE OF COUNSEL.

II.      APPELLATE COUNSEL WAS INEFFECTIVE.

III.     TRIAL AND APPELLATE COUNSEL FAILED TO RAISE MY CLAIMS AS A MATTER OF FEDERAL LAW.

IV.     THE PETITIONER INCORPORATES BY REFERENCE THE "MOTION TO SET ASIDE AND VACATE STATE SENTENCE" INITIALLY SUBMITTED TO THIS COURT.

(Am. Pet. at 6-10.) In his Motion to Set Aside and Vacate State Sentence, which this Court construed as Petitioner's original application for habeas corpus relief (docket #1), Petitioner argues that his restraint is illegal because:

a) the Petitioner is in custody in violation of the Constitution or Laws of the United States, b) that state criminal procedures did not comport to the same standards that apply to federal proceedings, c) that state remedies are ineffective to protect the federal constitutional rights of the Petitioner, d) that trial and appellate counsel were ineffective, e) that the Petitioner's confession was obtained in violation of his 5th Amendment right against self-incrimination, f) that the Petitioner's sentence exceeded the "statutory maximum" for Apprendi [sic] purposes, and g) the Petitioner is "actually innocent" of the sentence imposed on him.

(Pet. at 2, docket #1.)

## II. Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). In his amended application for habeas corpus relief, Petitioner alleges that he

did not present any of his grounds for habeas corpus relief on direct appeal to the Michigan appellate courts and he has not filed a motion for relief from judgment. (Am. Pet. at 6-10, docket #6.) Because Petitioner failed to complete one round of the State's appellate review process for his habeas grounds, he fails to satisfy the exhaustion requirement. *See O'Sullivan*, 526 U.S. at 845; *Duncan*, 513 U.S. at 365-66.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on June 23, 2008. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, September 22, 2008. Accordingly, Petitioner had one year, until September 22, 2009, in which to file his habeas petition. Petitioner filed his original petition on September 21,

2009[1], one day before the expiration of the limitations period.   Because Petitioner did not file his original petition on the form required by this Court, he was ordered to file an amended petition on the form.  (*See* Oct. 14, 2009 Order, docket #5.)  Petitioner filed his amended petition (docket #6) on October 29, 2009.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[2] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[3]  *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).  The instant case does not present a mixed petition because none of Petitioner's claims are exhausted.  It is unclear whether *Palmer* applies to a "non-mixed" petition. Assuming *Palmer* applies, Petitioner's statute of limitations has expired.  Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before the expiration of the statute of limitations.  As a result, were the Court

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his original application on September 21, 2009, and it was received by the Court on September 25, 2009.  Thus, it must have been handed to prison officials for mailing at some time between September 21 and 25. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

[2]A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.

[3]The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

-5-

to dismiss the petition without prejudice for lack of exhaustion, any subsequent petition would be time-barred.  *See Palmer,* 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts.  *See Rhines v. Weber*,  544 U.S. 269, 277 (2005).  In its discretion, a district court contemplating stay and abeyance should stay the petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics."  *Id.* at 278.

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within thirty days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for the his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78.  If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court may dismiss his petition for lack of exhaustion without prejudice.

An Order consistent with this Opinion will be entered.

Dated:   November 12, 2009            /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge