UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID ANDREW CHURCH,

                Petitioner,                Case No. 1:09-cv-883

v.                                              Honorable Paul L. Maloney

BLAINE LAFLER,

                Respondent.
_____/

## **ORDER TO STAY**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner raised four grounds in his application for habeas corpus relief. On November 12, 2009, this Court issued an Opinion and Order (docket ##7, 8), stating that Petitioner had failed to exhaust his available state-court remedies as to all the claims raised in his petition. Nevertheless, the Court found that Petitioner had at least one available procedure by which to raise his unexhausted claims in the state courts. Petitioner still had the right to file a motion for relief from judgment under Michigan Court Rule 6.500 *et seq*. Because Petitioner's statute of limitations expired on September 22, 2009, the Court ordered Petitioner to show cause why he was entitled to a stay of these proceedings. Specifically, Petitioner was required to show: (1) good cause for his failure to exhaust his claims before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Presently before the Court is Petitioner's Motion for Immediate Reconsideration (docket #9) of the November 12, 2009 Opinion and Order.

In his motion, Petitioner does not attempt to satisfy the *Rhines* requirements. *See Rhines*, 544 U.S. at 277-78. Rather, Petitioner asserts that he has satisfied the cause and prejudice requirements under the procedural default doctrine; and, thus, he is not required to exhaust his state-court remedies and he is entitled to an adjudication on the merits of his habeas claims. Petitioner is mistaken. A petitioner must overcome several procedural barriers before a court will review the merits of a habeas petition. "Procedural barriers, such as statute of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review [] the merits of a constitutional claim." *Daniels v. United States,* 532 U.S. 374, 381 (2001). Moreover, exhaustion and procedural default are distinct concepts. Section 2254(b) requires habeas applicants to exhaust his or her available state-court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b)(1); *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). When state-court remedies are no longer available to a petitioner, procedural default may bar federal court review. To determine whether a petitioner procedurally defaulted a federal claim in state court, a court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001). Because Petitioner still has an available procedure for which to exhaust his habeas claims, his claims are not procedurally defaulted and, thus, the cause and prejudice analysis does not apply.

Nevertheless, Petitioner's arguments to satisfy the "cause" requirement for the procedural default doctrine[1] is helpful to analyze the "good cause" requirement under *Rhines,* 544 U.S. at 277-78. Petitioner asserts that the ineffective assistance of his trial counsel and his appellate counsel satisfies the "cause" requirement for the procedural default doctrine under *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). The Supreme Court has not yet defined what would constitute "good cause" for purposes of staying a habeas petition pending the exhaustion of a petitioner's claims in the state courts. *See Titlow v. Burt*, No. 2:07-13614, 2007 WL 2584762, at *2 (E.D. Mich. Sept. 7, 2007). In this case, Petitioner argues that his trial counsel failed to subject the prosecutor's case to meaningful adversarial testing and failed to object to facts that were found by the trial court to increase Petitioner's maximum sentence. Petitioner also argues that his appellate counsel abandoned Petitioner's appeal by counseling Petitioner to waive his appeal.

On remand from the United States Supreme Court, the district court in *Rhines* held that the ineffective assistance of appellate counsel constituted "good cause" for a petitioner's failure to exhaust his claims in the state-court proceedings and justified holding the petition in abeyance while the petitioner returned to state court to exhaust his claims. *Rhines v. Weber*, 408 F.Supp.2d 844, 848 (D.S.D. Dec. 19, 2005). Likewise, several district courts have found that a claim of ineffective assistance of appellate counsel for failing to raise a claim on a petitioner's direct appeal constituted good cause to justify holding the petition in abeyance pending the petitioner's return to the state courts. *See Wengorovius v. Scutt,* No. 09-cv-13288, 2009 WL 2849577, at *3 (E.D. Mich.

---

[1] If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52.

Sept. 1, 2009); *Wright v. Trombley,* No. 07-CV-10965, 2007 WL 4181316, at *2-3 (E.D. Mich. Nov. 27, 2007); *Lanton v. Lafler*, No. 06-CV-11103, 2007 WL 2780552, at *2 (E.D. Mich. Sept. 24, 2007). Because Petitioner's appellate counsel allegedly abandoned his appeal, this Court finds that Petitioner's ineffective assistance of appellate counsel claim satisfies the "good cause" requirement under *Rhines,* 544 U.S. at 277-78. The Court also finds that Petitioner's claims are not plainly meritless and that Petitioner has not engaged in "intentionally dilatory tactics." *Rhines,* 544 U.S. at 277-78.

Because Petitioner has satisfied the *Rhines* requirements for the issuance of a stay and his statute of limitations has expired, this Court will grant Petitioner's Motion for Immediate Reconsideration to the extent that it seeks a stay of the petition so that Petitioner may exhaust his habeas claims by filing a motion for relief from judgment with the state court. Petitioner may also file a motion to dismiss his habeas case without prejudice, but any future petition filed by Petitioner concerning this conviction would be barred by the statute of limitations unless Petitioner can show that he is entitled to equitable tolling. Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Immediate Reconsideration (docket #9) of this Court's November 12, 2009 Opinion and Order is **GRANTED** only to the extent it seeks a stay of this action pending exhaustion of Petitioner's grounds for habeas corpus relief in the state courts.

**IT IS FURTHER ORDERED** that Petitioner shall file a post-conviction motion for relief from judgment under Michigan Court Rule 6.500 *et seq.*, in the Eaton County Circuit Court within twenty-eight (28) days of this Order, raising his unexhausted grounds for habeas corpus relief. **IT IS FURTHER ORDERED** that Petitioner's action is hereby stayed until

Petitioner files a motion to amend his petition in this Court to include any subsequently exhausted claims. Such motion must be filed not later than 28 days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claims and shall include a description of the newly exhausted claims and the dates and substance of the decision at each step of state-court review.

**IT IS FURTHER ORDERED** that if Petitioner fails to comply with the deadlines imposed in this Order, the Court may dismiss the petition without prejudice.

**IT IS FURTHER ORDERED** that Petitioner shall advise the Court of any change of address occurring during the pendency of the stay.

**IT IS FURTHER ORDERED** that this case shall be administratively closed until such time as Petitioner files a motion to amend his petition in accordance with the procedures set forth in this Order.

Dated:   January 4, 2010             /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     Chief United States District Judge