UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAVID ANDREW CHURCH,

                Petitioner,             Case No. 1:09-cv-883

v.                                 Honorable Paul L. Maloney

BLAINE LAFLER,

                Respondent.

_____/

## ORDER REGARDING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL AND DENYING CERTIFICATE OF APPEALABILITY

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254, challenging the decision of this Court to stay Petitioner's habeas action while Petitioner presents his unexhausted grounds for habeas corpus relief in the state courts.  Petitioner has now filed a notice of appeal, a motion for leave to proceed *in forma pauperis* on appeal (docket #14), an affidavit (docket #15), a motion for certificate of appealability (docket #16) and a brief in support of his motion for certificate of appealability (docket #17).

        Federal Rule of Appellate Procedure 3(e) provides that the appellant must pay all required fees at the time a notice of appeal is filed with the district court.  Under Sixth Circuit Internal Operating Procedure 103(1), the docketing fee for a case on appeal is $450.00.  In addition, under 28 U.S.C. § 1917, a $5.00 filing fee must be paid to the district court.  A prisoner who is unable to pay the required filing fees may seek leave to appeal in a § 2254 action pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure.  *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  Petitioner has complied with Rule 24(a), which requires him to file a motion for leave

to proceed *in forma pauperis* and an affidavit showing his inability to pay the required fees (as prescribed by Form 4 of the Appendix of Forms), his belief that he is entitled to redress, and a statement of the issue he intends to present on appeal. The documents show that Petitioner is unable to pay the filing and docket fees required for an appeal. In light of his indigence, Petitioner may proceed *in forma pauperis* on appeal without pre-paying or giving security for fees and costs. FED. R. APP. P. 24(a)(2). Therefore, Petitioner is not required to pay the $455.00 fee for filing an appeal. *See Kincade*, 117 F.3d at 951 (holding that 28 U.S.C. § 1915(b) provides that the fee provisions of the Prison Litigation Reform Act of 1995 do not apply to an appeal from a decision on an application for habeas relief.)[1]

The Court also must decide whether to grant Petitioner a certificate of appealability. Under the amended provisions of the Habeas Corpus Act, a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. FED. R. APP. P. 22(b). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). The filing of a notice of appeal that does not specify the issues that petitioner seeks to have reviewed on appeal will be deemed a request for review of all issues. *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997) (Admin. Ord.). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[1]This court notes that pursuant to 28 U.S.C. § 2254 and Rule 24(a)(3) of the Federal Rules of Appellate Procedure, it is not required to address whether the instant appeal is taken in good faith because Petitioner did not proceed *in forma pauperis* in the district court. *See* 28 U.S.C. § 2254; FED. R. APP. P. 24(a)(3).

This Court concluded that Petitioner had failed to exhaust his available state-court remedies as to all the claims raised in his petition. Because Petitioner's statute of limitations had expired, however, this Court granted Petitioner a stay in order to present his unexhausted claims in the state courts. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.* Even though this Court has not yet ruled on Petitioner's habeas petition, the standard set forth in *Slack*, 529 U.S. at 484, is still applicable to cases involving a stay of the petition. *See Minor v. Warden,* No. 1:08-cv-00583, 2009 WL 4828602, at *14 (S.D. Ohio Dec. 11, 2009) (standard set forth in *Slack*, 529 U.S. at 484-85, applies to cases involving a recommended stay of the petition) (citing *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998) and *Christy v. Horn*, 115 F.3d 201, 203-06 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order)). The Court finds that reasonable jurists could not debate that this Court is correct in its procedural ruling that Petitioner failed to exhaust state-court remedies and his case should be stayed. Therefore, the Court denies Petitioner a certificate of appealability. Accordingly:

IT IS ORDERED that Petitioner's motion for leave to proceed *in forma pauperis* on appeal (docket #14) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's motion for certificate of appealability (docket #16) is DENIED.

Dated: March 16, 2010                    /s/ Paul L. Maloney

                                               Paul L. Maloney

                                               Chief United States District Judge